IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT APONTE, | : | No. 3:05cv1360 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| NEW YORK CITY | : | |
| POLICE DEPARTMENT, | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the Court are Plaintiff's Motion to Seal the Case and Request to Proceed *in forma pauperis* on a § 1983 complaint filed on July 6, 2005. For the reasons that follow, we deny the Motion to Seal and order Plaintiff to show cause within ten (10) days regarding his Request to Proceed *in forma pauperis*.

## I. Background[1]

Plaintiff Herbert Aponte filed the instant complaint alleging violations of his civil rights under 42 U.S.C. § 1983. Specifically, Plaintiff asserts Defendant New York City Police Department caused his unlawful arrest and imprisonment, maliciously prosecuted him, and participated in falsification of records.

## II. Motion to Seal the Case

Upon a party's motion to seal, federal courts employ a "balancing process" to determine whether good cause exists. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994). In such analysis, "[d]iscretion should be left with the court to evaluate the

---

[1] Background facts are derived from Plaintiff's Complaint.

competing considerations . . . ." <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476, 483 (3d Cir. 1995). Factors weighing in favor of confidentiality include an interest in privacy, potential for embarrassment, and information sought for improper purpose. <u>Id.</u> Other elements favor disclosure, such as the promotion of "fairness and efficiency" and the possibility that the issues are "important to the public" or concern "public health and safety." <u>Id.</u> "The public's interest is particularly legitimate and important where . . . at least one of the parties to the action is a public entity or official." <u>Pansy</u>, 23 F.3d at 786. This interest derives from the citizenry's "'substantial interest in the integrity or lack of integrity of those who serve them in public office.'" <u>Id.</u> at 787 (quoting <u>United States v. Smith</u>, 776 F.2d 1104, 1114 (3d Cir. 1985)).

"The party seeking the closure of a hearing or the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue." <u>Publicker Indus., Inc. v. Cohen</u>, 733 F.2d 1059, 1070-71 (3d Cir. 1984) (citation omitted). To establish good cause, the movant "specifically" must demonstrate that "disclosure will cause a clearly defined and serious injury." <u>Glenmede</u>, 56 F.3d at 483. In contrast, "broad allegations of harm, unsubstantiated by specific examples . . . will not suffice." <u>Id.</u>

Plaintiff requests that this Court seal the case. He is concerned that Defendant will retaliate against him and that third parties may gather his personal information. However, Plaintiff fails to demonstrate that "the material is the kind of information that courts will

2

protect." Publicker, 733 F.2d at 1070-71. Fundamentally, the fact that Plaintiff is suing Defendant may not be kept secret from Defendant. The Summons and complaint must be served on the Defendant to allow it to appear to defend itself. See FED. R. CIV. P. 4.

Defendant's status as a government agency weighs strongly against sealing the case. Pansy, 23 F.3d at 786. Plaintiff's complaint alleges a lack of integrity by the government, an issue of paramount public importance. Glenmede, 56 F.3d at 483. Plaintiff also fails to establish any "clearly defined and serious injury" which disclosure would cause. Glenmede, 56 F.3d at 483. Instead, Plaintiff merely speculates that Defendant's "resources and manpower" would enable it to "cause harm in a criminal manner," "in any conceivable way." (Pl.'s Mot. to Seal 3.)

When all factors are balanced, we find that Plaintiff has not met his burden of showing good cause for confidentiality. Therefore, we find that the case should not be concealed from the public, and the Motion to Seal the Case will be denied.

### III. Request to Proceed *In Forma Pauperis*

Plaintiff requests to proceed *in forma pauperis*. A party seeking to proceed *in forma pauperis* must submit an affidavit listing all assets in his possession and asserting that he cannot afford the required fees and costs. 28 U.S.C.A. § 1915(a). However, Plaintiff merely states that he is "presently unemployed."

Attached is a blank Affidavit / Declaration in Support of Request to Proceed *In Forma Pauperis*, which the Plaintiff must complete and submit to the Court no later than ten (10)

days from the date of this Order. If this form is not completed, returned and filed within ten (10) days, the case will be dismissed.

Plaintiff is notified that "the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue . . . ." Id. § 1915(e)(2).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT APONTE, | : | No. 3:05cv1360 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| NEW YORK CITY | : | |
| POLICE DEPARTMENT, | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this ___8th___ day of August 2005, Plaintiff's motions to seal the case (Docs. 3,5) are hereby **DENIED**, and Plaintiff is **ORDERED** to show cause as to merit of his request to proceed *in forma pauperis* and return the attached form within fifteen (15) days of this Order. Should Plaintiff fail to timely return the attached affidavit, we will dismiss his case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
(Plaintiff)

v.

_____
(Defendant)

AFFIDAVIT / DECLARATION
IN SUPPORT OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

I, _____ certify that I am the plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my present financial condition I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress.

I further state that the responses which I have made to questions and instructions below are true and correct.

1. Are you presently employed?   Yes _____   No _____

a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.
_____

b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.
_____

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession or form of self-employment?   Yes _____   No _____

    b. Rent payments, interest or dividends?   Yes _____   No _____

    c. Pensions, annuities or life insurance payments?   Yes _____   No _____

    d. Gifts or inheritances?   Yes _____   No _____

    e. Any other sources?   Yes _____   No _____

If the answer to any of the above is yes, describe each source of money and state the amount

received from each during the past twelve months.

3. Do you own any cash, or do you have money in a checking or savings account? Yes _____ No _____ (Include any funds in prison accounts.)

If the answer is yes, state the amount of cash or the present balance in any account.

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, excluding ordinary household furnishings and clothing? Yes _____ No _____

If the answer is yes, describe the property and state its approximate value.

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. In order to comply with the court's privacy policy, only the initials of a minor should be listed below. Also, listing the age of the minor is acceptable; however, only the year of birth may be included. See the court's "Notice of Electronic Availability of Civil and Criminal Case File Information" and Local Rule 5.2 for more information on redaction of personal data identifiers.

_____

_____

I understand that a false statement or answer to any questions in this affidavit/ unsworn declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
                        Date


_____
Signature of Plaintiff